## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

EVANSTON INSURANCE COMPANY, )
                               )
              Plaintiff,       )      Case No.
v.                                 )
                                )
G-ENERGY ENTERPRISES, LLC,      )
ENERGY GROUP CONSULTANTS, LLC,  )
ENERGY GROUP CONSULTANTS, INC.,   )
and ANDREW PERRONG,            )
                                )
             Defendants.      )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Evanston Insurance Company ("Evanston"), by and through its attorneys, for its Complaint for Declaratory Judgment against G-Energy Enterprises, LLC ("G-Energy"), Energy Group Consultants, LLC, Energy Group Consultants, Inc. (together, "Energy Group"), and Andrew Perrong, states as follows:

### NATURE OF THE ACTION

1.     Evanston brings this action to obtain a declaration that it has no obligation to defend or indemnify G-Energy against claims asserted by Energy Group in connection with a putative class action lawsuit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### THE PARTIES

2.     Evanston is an Illinois corporation with its principal place of business in Illinois.

3.     On information and belief, G-Energy is a Delaware limited liability company with its principal place of business in Connecticut.

4.     On information and belief, Energy Group Consultants, LLC and Energy Group Consultants, Inc. are organized under the laws of the State of Kansas and both have their

principal place of business in Kansas. Energy Group Consultants, LLC and Energy Group Consultants, Inc. are named as defendants in this lawsuit as necessary parties only.

5.     On information and belief, Andrew Perrong is a resident of Pennsylvania. Mr. Perrong is named as a defendant in this lawsuit as a necessary party only.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district.

8.     An actual controversy exists between Evanston and G-Energy regarding the nature and extent of Evanston's obligations to G-Energy, if any, with respect to Energy Group's claim and the underlying TCPA lawsuit.

## FACTUAL BACKGROUND

**I.     Perrong's Claims Against Sperian and Energy Group**

9.     On January 21, 2019, Andrew Perrong filed a putative class action lawsuit against Sperian Energy Corp. ("Sperian") and a John Doe corporation, case number 19-cv-0115 in the United States District Court for the District of Nevada, captioned *Andrew Perrong, individually and on behalf of all others similarly situated, v. Sperian Energy Corp., et al.* (the "Underlying TCPA Action").

10.     On March 5, 2019, Perrong filed his First Amended Complaint identifying Energy Group Consultants, Inc. as the John Doe corporation. The First Amended Complaint is attached hereto as Exhibit A.

11.     In the First Amended Complaint, Perrong alleges that Sperian is a retail energy provider and that it hired Energy Group to generate new sales for its business.

12.     Perrong alleges that Energy Group attempted to engage new clients for Sperian by contacting prospective customers with autodialed telemarketing calls.

13.     Perrong alleges that he did not consent to receive calls from Energy Group and that his telephone number was on the National Do Not Call Registry, but that he received more than 25 calls from Energy Group between December 12, 2018 and December 27, 2018.

14.     Perrong alleges that on December 27, 2018, he answered one of Energy Group's calls and told the caller that he was not interested in Sperian's services, but that he continued to receive calls from the same number in January 2019.

15.     Perrong alleges further that the Illinois Commerce Commission previously investigated Sperian for its telemarking practices in 2015 and that consumers complained online about Sperian's telemarketing calls from 2014 through 2016.

16.     The First Amended Complaint seeks certification of two classes of plaintiffs: persons to whom Sperian made one or more non-emergency telephone calls using an automatic telephone dialing system to their cellular telephone number or to a telephone number that is charged for the call at any time from January 21, 2015 to present; and persons to whom Sperian made more than one non-emergency telephone calls to a residential telephone number that had been listed on the National Do Not Call Registry for at least 31 days prior to the first call at any time from January 21, 2015 to present.

17.     The First Amended Complaint asserts a single cause of action for Violations of the TCPA.

18.     The First Amended Complaint seeks, in relevant part, statutory damages of $500 for each call or up to $1,500 for each call deemed to be made in willful or knowing violation of the TCPA, an injunction against further telemarketing calls, and the plaintiffs' attorneys' fees and costs.

19.     Sperian answered the First Amended Complaint in the Underlying TCPA Action and asserted a crossclaim against Energy Group Consultants, Inc. and a third-party complaint against Energy Group Consultants, LLC for breach of contract, contractual indemnity, and declaratory relief. Sperian's answer, crossclaim, and third-party complaint is attached hereto as Exhibit B.

20.     In its crossclaim and third-party complaint, Sperian alleges that it contracted with Energy Group to solicit new prospective customers for Sperian but that the unsolicited calls to Mr. Perrong were made in violation of that contract.

## II.     Energy Group's Third-Party Complaint against G-Energy

21.     On May 28, 2019, Energy Group filed a third-party complaint in the Underlying TCPA Action against G-Energy Enterprises, LLC. Energy Group's third-party complaint is attached hereto as Exhibit C.

22.     In Energy Group's third-party complaint, it alleges that it entered into an October 1, 2018 Independent Contractor Agreement with G-Energy to perform marketing services and solicit orders for products, systems, and services as requested by Energy Group (the "Contract").

23.     Energy Group alleges that any unsolicited phone calls to Mr. Perrong at issue in the Underlying TCPA Action were made by G-Energy in breach of the Contract and that G-Energy had no authority to make those calls on Energy Group's behalf.

24.     Energy Group's third-party complaint purports to assert causes of action against G-Energy for breach of contract, contractual indemnity, injunctive relief, and declaratory relief.

4

Energy Group seeks compensatory damages, including its costs, expenses, and fees incurred in the Underlying TCPA Action, an injunction against the destruction of relevant books and records, and pre- and post-judgment interest.

### III.  Energy Group's Demand to G-Energy and G-Energy's Tender to Evanston

25.    Energy Group notified G-Energy of the Underlying TCPA Action and demanded that G-Energy defend and indemnify it in a letter dated February 20, 2019.

26.    In its letter, Energy Group asserted that the damages at issue in the Underlying TCPA Action were based on acts of G-Energy that were prohibited under the Contract and that the Underlying TCPA Action related to G-Energy's alleged failure to comply with its obligations under the Contract.

27.    Energy Group therefore requested that G-Energy indemnify Energy Group for all claims arising in connection with the Underlying TCPA Action and advised G-Energy to notify its insurance carrier of the suit and of G-Energy's alleged indemnity obligations.

28.    In or around April 2019, before Energy Group filed its third-party complaint against G-Energy, G-Energy forwarded Energy Group's indemnity demand to Evanston.

29.    On June 6, 2019, Evanston sent a letter to G-Energy advising that the Underlying TCPA Action and Energy Group's indemnity demand are not covered under the commercial general liability insurance policy Evanston issued to G-Energy, and disclaimed coverage.

### IV.  The Evanston Commercial General Liability Policy

30.    Evanston issued commercial general liability insurance policy number 3EP1944 to G-Energy for the policy period January 29, 2018 to January 29, 2019 (the "Evanston Policy").

31.    The Evanston Policy potentially provides coverage, in relevant part, for sums the insured becomes legally obligated to pay as damages because of bodily injury or property damage that takes place during the policy period and is caused by an occurrence.

32.   The Evanston Policy's Insuring Agreement provides, in relevant part, as follows:

SECTION I- COVERAGES

COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.   Insuring Agreement

    a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

*          *          *

    b.   This insurance applies to "bodily injury" and "property damage" only if:

        (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)   The "bodily injury" or "property damage" occurs during the policy period;

*          *          *

## COUNT I
## DECLARATORY RELIEF
### G-Energy Enterprises Is Not an Insured

33.   Evanston incorporates all the preceding paragraphs as though fully restated herein.

34.   The Evanston Policy potentially provides coverage, in relevant part, only for sums that an insured becomes legally obligated to pay.

35.   The Evanston Policy defines who is an insured, in relevant part, as follows:

SECTION II – WHO IS AN INSURED

1.     If you are designated in the Declarations as:

\*       \*       \*

c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\*       \*       \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\*       \*       \*

36.     The Evanston Policy provides that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."

37.     On the Evanston Policy's declarations page, the Named Insured is identified as "G Energy LLC," and its form of business is identified as "limited liability company."

38.     The entity that entered into the Contract with Energy Group to perform marketing services and to solicit orders for Energy Group's products, systems, and services was "G-Energy Enterprises."

39.     Energy Group's demand for contractual defense and indemnity in connection with the Underlying TCPA Action was also directed to G-Energy Enterprises.

40.     Energy Group's third-party complaint is against G-Energy Enterprises, LLC.

41.     "G-Energy Enterprises" and "G-Energy Enterprises, LLC" are not insureds under the Evanston Policy.

WHEREFORE, Evanston prays that the Court:

a.   Find and declare that G-Energy Enterprises and G-Energy Enterprises, LLC are not insureds under the Evanston Policy;

b.   Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.   Award Evanston such other and further relief that the Court deems just and proper.

## COUNT II
## DECLARATORY RELIEF
### No Bodily Injury or Property Damage

42.   Evanston incorporates all the preceding paragraphs as though fully restated herein.

43.   The Evanston Policy potentially provides coverage, in relevant part, only for damages because of bodily injury or property damage.

44.   The Evanston Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

45.   The Evanston Policy defines "property damage" as follows:

17.   "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

46.   In the Underlying TCPA Action, Perrong alleges that Sperian and Energy Group's calls were a nuisance and were annoying and harassing.

47.     Energy Group's third-party complaint against G-Energy seeks indemnity for Perrong's alleged damages and to recover Energy Group's costs, expenses, and attorneys' fees incurred in the Underlying TCPA Action.

48.     Energy Group does not seek to impose liability on G-Energy for damages because of bodily injury or property damage as defined in the Evanston Policy.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that the alleged damages at issue in the Underlying TCPA Action are not because of bodily injury or property damage as defined in the Evanston Policy;

b.      Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF
### No Occurrence

49.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

50.     The Evanston Policy potentially provides coverage, in relevant part, only for bodily injury or property damage caused by an occurrence.

51.     "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

52.     Perrong alleges in the Underlying TCPA Action that Sperian and Energy Group made calls to his telephone number even though it was listed on the National Do Not Call

Registry, and that they continued to call him after he instructed them in December 2018 not to do so.

53.    Energy Group's third-party complaint alleges that those calls were made by G-Energy.

54.    Energy Group's third-party complaint alleges further that the Contract prohibited G-Energy from using "telemarketing tactics" to conduct sales pursuant to the Contract.

55.    To the extent G-Energy made telemarketing calls to phone numbers listed on the National Do Not Call Registry in violation of the Contract and of the prospective customers' instructions not to call, any resulting injury was not caused by an "accident."

WHEREFORE, Evanston prays that the Court:

a.    Find and declare that the alleged injury at issue in the Underlying TCPA Action was not caused by an occurrence as defined in the Evanston Policy;

b.    Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.    Award Evanston such other and further relief that the Court deems just and proper.

**COUNT IV**
**DECLARATORY RELIEF**
**Injury Outside the Policy Period**

56.    Evanston incorporates all the preceding paragraphs as though fully restated herein.

57.    The Evanston Policy potentially provides coverage, in relevant part, only for bodily injury or property damage that takes place during the policy period of the Evanston Policy, from January 29, 2018 to January 29, 2019.

58.     The Underlying TCPA Action involves calls allegedly made to putative class members from January 21, 2015 to present.

59.     Any injury that took place before January 29, 2018 or after January 29, 2019 is not covered under the Evanston Policy.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that Evanston has no duty to defend or indemnify G-Energy against injuries alleged in the Underlying TCPA Action resulting from calls made before January 29, 2018 or after January 29, 2019; and

b.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT V
## DECLARATORY RELIEF
### Expected or Intended Injury Exclusion

60.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

61.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for expected or intended injury, which provides as follows:

2.      Exclusions

This insurance does not apply to:

a.      Expected Or Intended Injury

"bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

62.     If G-Energy made marketing calls expecting or intending that the calls would violate the National Do Not Call Registry, the terms of the Contract with Energy Group, or the

11

prospective customers' instructions not to call them, then the Evanston Policy's Expected or Intended Injury Exclusion precludes coverage for any resulting injury.

WHEREFORE, Evanston prays that the Court:

a.    Find and declare that the injuries alleged in the Underlying TCPA Action were expected or intended from G-Energy's perspective and are excluded from coverage;

b.    Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.    Award Evanston such other and further relief that the Court deems just and proper.

**COUNT VI**
**DECLARATORY RELIEF**
**Contractual Liability Exclusion**

63.    Evanston incorporates all the preceding paragraphs as though fully restated herein.

64.    The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for contractual liability, which provides as follows:

2.    Exclusions

This insurance does not apply to:

*    *    *

b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This, exclusion does not apply to liability for damages;

(1)    That the insured would have in the absence of the contract or agreement; or

12

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract''; and

    (b)    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*      \*      \*

65.    The Evanston Policy defines "insured contract" as follows:

"Insured contract" means:

a.    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract''.

b.    A sidetrack agreement;

c.    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d.    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.    An elevator maintenance agreement.

66.     Energy Group's third-party complaint seeks indemnity and defense against the Underlying TCPA Action pursuant to the obligation that G-Energy assumed in the Contract with Energy Group.

67.     The Contract is not an insured contract.   Therefore, the Contractual Liability Exclusion precludes coverage for G-Energy's alleged defense and indemnity obligations to Energy Group.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that the Contractual Liability exclusion precludes coverage for the injuries alleged in the Underlying TCPA Action;

b.      Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT VII
## DECLARATORY RELIEF
**Personal and Advertising Injury Exclusion**

68.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

69.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for Personal and Advertising Injury, which provides that the policy does not apply to bodily injury arising out of "personal and advertising injury."

70.     The Evanston Policy defines "personal and advertising injury" as follows:

14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.      False arrest, detention or imprisonment;

14

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization1s goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

71. Even if the Underlying TCPA Lawsuit involved damages because of bodily injury caused by an occurrence, any such injury arose out of the publication of material that violates a person's right of privacy, and the personal and advertising injury exclusion applies.

WHEREFORE, Evanston prays that the Court:

a. Find and declare that the injuries alleged in the Underlying TCPA Action arise out of personal and advertising injury as defined in the Evanston Policy and are excluded from coverage;

b. Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c. Award Evanston such other and further relief that the Court deems just and proper.

## COUNT VIII
## DECLARATORY RELIEF
### Recording and Distribution of Materials or Information
### In Violation of Law Exclusion

72.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

73.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for Recording and Distribution of Materials or Information in Violation of Law, which provides as follows:

> 2.     Exclusions
>
> This insurance does not apply to:
>
> *       *       *
>
> p.      Recording And Distribution Of Material Or Information In Violation Of Law
>
> "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> (1)     The Telephone Consumer Protection Act (TCPA). including any amendment of or addition to such law;
>
> (2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> (3)     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> (4)     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

74.     The Underlying TCPA Action and Energy Group's contractual defense and indemnity claims against G-Energy arise out of calls that are explicitly alleged to have violated the TCPA.  Therefore, the Recording and Distribution of Materials or Information in Violation of Law Exclusion precludes coverage for the Underlying TCPA Action.

WHEREFORE, Evanston prays that the Court:

a.     Find and declare that the injuries alleged in the Underlying TCPA Action arise out of acts or omissions that violate or are alleged to violate the TCPA and are excluded from coverage;

b.     Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.     Award Evanston such other and further relief that the Court deems just and proper.

## COUNT IX
## DECLARATORY RELIEF
### Breach of Contract Exclusion

75.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

76.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for breach of contract, which provides that the policy does not apply to claims "arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract."

77.     Energy Group's claims against G-Energy in the Underlying TCPA Action arise out of G-Energy's alleged breach of contract.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that the injuries alleged in the Underlying TCPA Action arise out of breach of contract and are excluded from coverage;

b.      Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT X
## DECLARATORY RELIEF
### Continuous or Progressive Injury or Damage Exclusion

78.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

79.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for continuous or progressive injury or damage, which provides as follows:

This insurance does not apply to:

Continuous Or Progressive Injury Or Damage

"Bodily injury", "property damage" or "personal and advertising injury" which:

(1)     First occurred, first began to occur, or is alleged to have first occurred;

(2)     Is alleged to be in the process of occurring to any degree; or

(3)     Is caused by or alleged to have been caused by incremental, continuous or progressive injury or damage arising from an "occurrence" or offense which first occurred, began to occur, or is alleged to have first occurred,

prior to the effective date of this policy.

\*       \*       \*

80.     The Underlying TCPA Action involves calls allegedly made to putative class members from January 21, 2015 to present.

18

81.     If any of the alleged injuries at issue in the Underlying TCPA Action first occurred, began to occur, or were in the process of occurring before January 29, 2018, such injuries are excluded from coverage.

WHEREFORE, Evanston prays that the Court:

a.     Find and declare that the injuries alleged in the Underlying TCPA Action first occurred, began to occur, or were in the process of occurring before January 29, 2018 and are excluded from coverage;

b.     Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.     Award Evanston such other and further relief that the Court deems just and proper.

## COUNT XI
## DECLARATORY RELIEF
### Fines, Penalties and Punitive or Exemplary Damages Exclusion

82.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

83.     The Evanston Policy's bodily injury and property damage coverage is subject to an exclusion for Recording and Distribution of Materials or Information in Violation of Law, which provides as follows:

2.     Exclusions

This insurance does not apply to:

*       *       *

Fines, Penalties And Punitive Or Exemplary Damages

Fines, penalties, and punitive or exemplary damages, or any expenses or any obligation to share such damages or repay another. However, this

exclusion does not apply to punitive damages from wrongful death brought under Alabama's Wrongful Death Statute.

84.     The statutory damages Perrong seeks in the Underlying TCPA Action are fines or penalties and are excluded from coverage.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that the statutory damages sought in the Underlying TCPA Action are fines or penalties and are excluded from coverage;

b.      Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT XII
## DECLARATORY RELIEF
### Designated Premises or Project Limitation Endorsement

85.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

86.     The Evanston Policy's bodily injury and property damage coverage potentially applies only injury arising out of the ownership, maintenance, or use of a designated premises.

87.     The Evanston Policy's "Designated Premises or Project Limitation" endorsement states:

A.      With respect to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM only, this insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1.      The ownership, maintenance or use of the Designated Premises; or

2.      The Designated Project;

shown in the Schedule of this endorsement or in the Declarations.

88.     The Evanston Policy's Declarations identify the Designated Premises as 264 Cosey Beach Avenue, East Haven, Connecticut.

89.     To the extent the injuries alleged in the Underlying TCPA Action did not arise out of the ownership, maintenance, or use of the premises at 264 Cosey Beach Avenue, coverage under the Evanston Policy does not apply.

WHEREFORE, Evanston prays that the Court:

a.      Find and declare that the injuries alleged in the Underlying TCPA Action did not arise out of the ownership, maintenance, or use of the Designated Premises;

b.      Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.      Award Evanston such other and further relief that the Court deems just and proper.

## COUNT XIII
## DECLARATORY RELIEF
### Application of Deductible

90.     Evanston incorporates all the preceding paragraphs as though fully restated herein.

91.     The Evanston Policy's bodily injury and property damage coverage is subject to a $500 deductible that applies to all damages sustained by any one person because of bodily injury and property damage combined.

92.     The Evanston Policy's Deductible Liability Insurance endorsement provides, in relevant part, as follows:

> A.    Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

B.     You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

1.     PER CLAIM BASIS. If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

c.     Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages sustained by any one person because of:

(1)    "Bodily injury";

(2)    "Property damage"; or

(3)    "Bodily injury" and "property damage" combined

as the result of any one "occurrence."

93.     The Deductible Liability Insurance endorsement's Schedule reflects a $500 per-claim deductible for bodily injury liability and/or property damage liability combined.

94.     Even if the alleged damages at issue in the Underlying TCPA Action were covered under the Evanston Policy, G-Energy would have to satisfy a $500 deductible for each person who sustained injury.

WHEREFORE, Evanston prays that the Court:

a.     Find and declare that G-energy must satisfy a $500 deductible for each plaintiff in the Underlying TCPA Action who sustained damages because of bodily injury and/or property damage covered under the Evanston Policy; and

b.     Award Evanston such other and further relief that the Court deems just and proper.

## COUNT XIV
## DECLARATORY RELIEF
### No Personal and Advertising Injury Coverage

95.    Evanston incorporates all the preceding paragraphs as though fully restated herein.

96.    To the extent the injuries alleged in the Underlying TCPA Action constitute personal and advertising injury as defined in the Evanston Policy, they are not covered.

97.    The Evanston Policy includes an endorsement deleting the policy's personal and advertising injury coverage.   The Evanston Policy's "Exclusion – Personal and Advertising Injury" endorsement provides: "COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply."

WHEREFORE, Evanston prays that the Court:

a.    Find and declare that the Evanston Policy provides no personal and advertising injury coverage applicable to the Underlying TCPA Action;

b.    Find and declare that Evanston has no duty to defend or indemnify G-Energy in the Underlying TCPA Action; and

c.    Award Evanston such other and further relief that the Court deems just and proper.

Dated: July 15, 2019

Respectfully submitted,

EVANSTON INSURANCE COMPANY

By: _____

Gerard X. Smith
NAULTY, SCARICAMAZZA & McDEVITT, LLC
1617 JFK Blvd., Suite 750
Philadelphia, PA  19103-1818
T: (215) 568-5116
jsmith@naulty.com

-and-

Matthew S. Sorem (*pro hac vice pending*)
Rebecca E. Bennett (*pro hac vice pending*)
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606
T: (312) 585-1400
msorem@nicolaidesllp.com
rbennett@nicolaidesllp.com