CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968;
Fax:    1-702-825-8071
Email: attcbf@cox.net

ANTHONY I. PARONICH, ESQ.
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile:  (617) 830-0327
Email: anthony@broderick-law.com
*Pro Hac Vice*

*Attorneys for Plaintiff Andrew Perrong and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPERIAN ENERGY CORP, a Nevada corporation, and ENERGY GROUP CONSULTANTS, INC., a Kansas corporation.<br><br>Defendants. | NO. 2:19-cv-00115-RFB-GWF<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Andrew Perrong (hereinafter "Plaintiff"), by his undersigned counsel, files this class action complaint against Sperian Energy Corp ("Sperian Energy"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Sperian Energy"), as well as Energy Group Consultants, Inc. ("Energy Group Consultants"), and allege as follows:

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1



## I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff Andrew Perrong ("Plaintiff"), individually and as class representative for all others similarly situated, brings this action against Sperian Energy for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Sperian Energy hired Energy Group Consultants to originate new energy leads for their company. Energy Group Consultants, with the knowledge and acceptance of Sperian Energy, generated those leads with automated telemarketing calls.

## II. PARTIES

2. Plaintiff Andrew Perrong is a resident of Pennsylvania.

3. Defendant Sperian Energy Corp has its principal place of business in Las Vegas, NV, with a registered agent of Sackett National Holdings, Inc., 7373 Peak Dr., Suite 250, Las Vegas, NV.

4. Defendant Energy Group Consultants, Inc. is a telemarketing company hired by Sperian to make telemarketing calls to generate new customers. They are a Kansas corporation with a registered agent of Robert Jason King, 3402 Airport Circle, Pittsburg, Kansas 66762.

## III. JURISDICTION AND VENUE

5. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227. Furthermore, this Court has original jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435. While it is anticipated that neither Plaintiff nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendant.

6. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Sperian Energy because it has submitted to Nevada jurisdiction by registering with the Secretary of State to do business in this state, and a substantial part of the wrongful acts alleged in this Complaint were committed from Nevada. Similarly, the Court has personal jurisdiction over Energy Group

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2

Consultants because they contracted with Sperian in the State of Nevada to perform the telemarketing activities that are the subject of the Complaint.

7. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, whereas the telemarketing calls that are the subject of this Complaint were commissioned from this District.

IV.   THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful to initiate any telephone call using an automatic telephone dialing system to any cellular telephone line or any service where the called party is charged for the call. See 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA also prohibits make multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

11. In 2013, the FCC required prior express written consent for all autodialed telemarketing calls ("robocalls"). Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

## V.   FACTUAL ALLEGATIONS

**A.   Factual Allegations Regarding Sperian Energy**

12. Sperian Energy is a "retail energy provider that focuses on…six deregulated energy markets." *See* http://www.sperianenergy.com (last visited January 11, 2019).

13. Sperian Energy services the following states: Illinois, New York, Pennsylvania, New Jersey, Maryland and Ohio. *Id.*

14. Sperian Energy's business model relies on contacting current energy customers in those states and convincing them to have their energy serviced through Sperian.

15. One of Sperian Energy' strategies for marketing these services involves the use of autodialers to solicit business.

16. In order to generate new sales for their business, Sperian hired Energy Group Consultants.

17. Energy Group Consultants, with the knowledge of Sperian, attempted to engage new clients by contacting them with autodialed telemarketing calls.

18. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

19. Instead they are "cold calls", and utilize an autodialer because they are transmitted *en masse*.

20. Unfortunately, this system, while efficient for Sperian Energy, comes at the expense of the call recipients' privacy, and is exactly the kind of telemarketing that the TCPA was passed to prevent.

**B.   Factual Allegations Regarding Plaintiff**

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Plaintiff's telephone number that received the telemarketing calls at issue is a service that charges the Plaintiff for each call.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 4

23. Plaintiff's telephone number that received the telemarketing calls at issue is used for residential purposes only.

24. Plaintiff's telephone number that received the telemarketing calls at issue was on the National Do Not Call Registry for more than 31 days before the first calls received.

25. From December 12, 2018 through December 27, 2018, Mr. Perrong's residential telephone number, was called more than 25 times by Energy Group Consultants to offer Sperian services.

26. The calls all followed a substantively identical pattern.

27. Mr. Perrong's residential telephone line would ring, and he would answer the phone.

28. After saying "hello", Mr. Perrong would hear a loud clicking sound and a pause.

29. That clicking sound is a telltale sign of a predictive dialer.

30. The clicking sound and the pause is an indication of the dialing system's algorithm attempting to connect Mr. Perrong to a live telemarketing representative.

31. A predictive dialer is an ATDS.

32. The caller ID for all of the calls was (861) 482-5320.

33. Often, the predictive dialer Energy Group Consultants would use to call Mr. Perrong would disconnect shortly after Mr. Perrong answered.

34. Finally, on December 27, 2018, Mr. Perrong answered the call and pretended to be interested in the sales pitch from Energy Group Consultants.

35. By doing this, Mr. Perrong was able to verify that the calls were being made by Energy Group Consultants for Sperian, as Sperian services were promoted on the call.

36. Despite Mr. Perrong indicating to Sperian that he was not interested in their services, and he had canceled this investigative pursuit of their telemarketing pitch, Mr. Perrong received multiple calls from the same (861) 482-5320 number in January 2019.

37. Plaintiff did not provide his prior express written consent to receive autodialed telemarketing calls on his telephone from, or on behalf of, Sperian Energy.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5

38. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Sperian Energy, and they constitute a nuisance as they are annoying and harassing.

39. Sperian Energy is responsible for making the above-described calls.

40. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Sperian Energy because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were invasive of their privacy. The calls also occupied Plaintiff's telephone line from legitimate communication.

**C.   Factual Allegations Regarding Additional Consumer and Regulatory Complaints**

41. Unfortunately, Plaintiff's experience with Sperian Energy is not unique, as many others have lodged similar complaints after having received telemarketing calls from Sperian Energy.

42. First, individuals have lodged complaints recently about calls from the same Caller ID that the Plaintiff was called from:

> The first calls came around Nov 19th, and after answering it twice (and told them not to call back), they've called 35 times, which I've ignored. I think it was about the electric bill, and had my name and address info.

> this number called me telling me i can lower my electricity bill. they claim that i had requested this, which i did not! i called the electric company and found out that the rate they offered me is considerably higher than what i'm paying to pse&g! i spoke with 2 different men with thick accents which i believe sound indian to me! if anyone gets a call from this number, i think it's a scam!!! ignore the call!

*See* https://www.reportedcalls.com/8614825320 (Last Visited January 14, 2019).

43. Sperian has previously been investigated for its telemarketing practices in 2015 when the Illinois Commerce Commission (ICC) launched an investigation (Docket No. 15-0438) into the allegedly misleading and deceptive telemarketing practices of Sperian Energy.

44. Furthermore, the website http://www.revdex.com/reviews/sperian-energy/1041091 (last visited January 11, 2019), details a number of complaints related to Sperian Energy's illegal telemarketing:

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6

> This company contacted me through outbound telemarketing in violation of the federal Do Not Call act. Additionally, the message intentionally misleading, indicating that I had some business relationship with them and I need to call about my account.

Timothy D. March 30, 2016

> Complaint: Sperian Energy contacted me by telephone on 1/29/14 at 9:00am EST with a sales pitch. My phone number is listed in the Federal Do-Not-Call Registry.

Reviewer1041115 March 26, 2016

**D.    Sperian's Liability for the Conduct of Energy Group Consultants.**

45. Sperian is a "person," as defined by 47 U.S.C. § 153(39).

46. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

47. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

48. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as Sperian may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 7

49. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

50. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

51. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 CC Rcd at 6592 (¶ 46).

52. Sperian is legally responsible for ensuring that Energy Group Consultants complied with the TCPA, even if Sperian itself did not itself make the calls.

53. Sperian knowingly and actively accepted business that originated through the illegal telemarketing calls from Energy Group Consultants.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8

54. By hiring a company to make calls on its behalf, Sperian "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

55. Similarly, by accepting these contacts, Energy Group Consultants "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Sperian, as described in the Restatement (Third) of Agency. As such, Messrs. Hunter and Peters are agents of Sperian.

56. Moreover, Sperian maintained interim control over Energy Group Consultants actions.

57. For example, Sperian had absolute control over whether, and under what circumstances, it could issue a quote to a prospective customer or take over their energy needs.

58. Sperian also gave interim instructions to Energy Group Consultants by providing (1) geographic parameters for potential customers that Energy Group Consultants could telemarket to; (2) the volume of calling and leads it would purchase; and (3) the timing that Sperian telemarketing personnel would be available to field a prospect.

59. As a result, Sperian not only controlled the result of the work, but also the means by which is was accomplished through interim instructions.

60. In fact, Energy Group Consultants was not explicitly named in the first Complaint because they simply identified as calling on behalf of or in affiliation with Sperian.

## VI. CLASS ACTION ALLEGATIONS

61. <u>Class Definition</u>. Pursuant to FRCP 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of the national classes defined as follows:

> Class 1:
> All persons to whom: (a) Sperian Energy and/or a third party acting on Sperian Energy's behalf, made one or more non-emergency telephone calls; (b) using an automatic telephone dialing system; (c)

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

to their cellular telephone number or to a telephone number that is charged for the call; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

Class 2:

All persons to whom: (a) Sperian Energy and/or a third party acting on Sperian Energy's behalf, made more than one non-emergency telephone calls; (b) to a residential telephone number; (c) that had been listed on the National Do Not Call Registry for at least 31 days prior to the first call; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

62. Numerosity. The Classes are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

63. Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf violated 47 U.S.C. § 227 by making any call, except for emergency purposes, using an automatic telephone dialing system to a cellular telephone or phone for which the call recipient is charged for the service;

    b.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf violated 47 U.S.C. § 227 by making telemarketing calls to a residential telephone number that has been on the National Do Not Call Registry for more than 31 days prior to the first call;

    c.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf obtained prior express written consent prior to making the calls at issue;

    d.    Whether Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf should be enjoined from violating the TCPA in the future.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

64. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes arise out of the same common course of conduct by Sperian Energy and Energy Group Consultants and are based on the same legal and remedial theories.

65. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor its counsel has interests that are contrary to or that conflict with those of the proposed Classes.

66. <u>Predominance</u>. The Defendants have engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

67. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel the Defendants to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against the Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

68. <u>Injunctive and Declaratory Relief is Appropriate</u>. The Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 11

## VII.   FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

69. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70. The foregoing acts and omissions of Sperian Energy and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf constitute numerous and multiple violations of the TCPA, by (a) making a call, except for emergency purposes, using an automatic telephone dialing system to a cellular telephone or phone for which the call recipient is charged for the service and (b) making telemarketing calls to a residential telephone number that has been on the National Do Not Call Registry for more than 31 days prior to the first call.

71. As a result of Sperian Energy's and/or its affiliates, agents, and/or other persons or entities acting on Sperian Energy's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made or up to $1,500 for each telemarketing call made deemed to be a "willful or knowing" violation.

72. Plaintiff and members of the Classes are also entitled to and do seek injunctive relief prohibiting Sperian Energy from using third parties to make outbound telemarketing calls.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Classes, prays for judgment against Sperian Energy as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Sperian Energy from using third parties to make outbound telemarketing calls;

F.  An award to Plaintiff and the Classes of damages, as allowed by law;

G.  An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H.  Leave to amend this Complaint to conform to the evidence presented at trial; and

I.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

### IX. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 5th day of March, 2019.

By: /s/ *Anthony I. Paronich*
Anthony I. Paronich

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 13