1    Blakeley E. Griffith, Esq.
     Nevada Bar No. 12386
2    SNELL & WILMER L.L.P.
     3883 Howard Hughes Parkway, Suite 1100
3    Las Vegas, Nevada 89169
     Telephone:  702.784.5200
4    Facsimile:  702.784.5252
     bgriffith@swlaw.com
5    *Attorneys for Energy Group Consultants, Inc. and*
     *Energy Group Consultants, LLC*

6

7

8

9

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

10

11   ANDREW PERRONG, individually and on
     behalf of all others similarly situated,          Case No.: 2:19-cv-00115-RFB-GWF

12                              Plaintiff,           **ENERGY GROUP CONSULTANTS,**
                                                    **INC.'S ANSWER TO PLAINTIFF'S**
13   v.                                             **FIRST AMENDED CLASS ACTION**
                                                    **COMPLAINT FOR DAMAGES AND**
14   SPERION ENERGY CORP., a Nevada                 **RELIEF**
     corporation, and ENERGY GROUP                  **and**
15   CONSULTANTS, INC., a Kansas                    **ENERGY GROUP CONSULTANTS,**
     corporation,                                   **INC. AND ENERGY GROUP**
16                                                  **CONSULTANTS, LLC'S THIRD-**
                               Defendants.          **PARTY COMPLAINT AGAINST G-**
17                                                  **ENERGY ENTERPRISES LLC**

18

19   TOMORROW ENERGY CORP fka
     SPERIAN ENERGY CORP, a Nevada
20   corporation,

                              Cross-Claimant and
21                            Third-Party Plaintiff,

22   v.

23   ENERGY GROUP CONSULTANTS, INC., a
     Kansas corporation,

24                              Cross-Defendant, and

25   ENERGY GROUP CONULTANTS, LLC, an
     Ohio limited liability company,
26
                              Third-Party Defendant.
27

28

4852-2456-9751


PLAINTIFF'S
EXHIBIT
C

1

ENERGY GROUP CONSULTANTS, INC., a
Kansas corporation, and ENERGY GROUP
CONULTANTS, LLC, a Kansas limited
liability company,

                    Third-Party Plaintiffs,

v.

G-ENERGY ENTERPRISES LLC,

                    Third-Party Defendant.

Defendant Energy Group Consultants, Inc. ("EGC"), by and through its attorneys of record,

answers Plaintiff Andrew Perrong's ("Plaintiff") First Amended Class Action Complaint

("Complaint") as follows:

## I.    INTRODUCTION

1.    Answering Paragraph 1, EGC admits that Plaintiff purports to state a claim for

violations of the TCPA, but denies they have done so. Further, EGC states that the allegations in

Paragraph 1 contain legal conclusions that do not require a response. The Telephone Consumer

Protection Act, 14 U.S.C. § 227, et seq. ("TCPA") is a federal status that speaks for itself. To the

extent that Paragraph 1 contains factual allegations, EGC denies each and every allegation of this

paragraph.

## II.    PARTIES

2.    Answering Paragraph 2, EGC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and therefore denies them.

3.    Answering Paragraph 3, EGC is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained therein and therefore denies them.

4.    Answering Paragraph 4, EGC admits that EGC is a Kansas corporation with a

registered agent of Robert Jason King, 3402 Airport Circle, Pittsburg, Kansas 66762. Except as

expressly stated herein, EGC denies each and every allegation of this paragraph.

///

///

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4852-2456-9751

### III.   JURISDICTION AND VENUE

5.      Answering Paragraph 5, EGC admits that this Court has subject matter jurisdiction because there is original jurisdiction, 28 U.S.C. § 1331, in this Court for claims asserted under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1435.  Except as expressly stated herein, EGC denies each and every allegation of this paragraph.

6.      Answering Paragraph 6, EGC admits that it contracted with Sperian in the State of Nevada to perform telemarking activities. Except as expressly stated herein, EGC denies each and every allegation of this paragraph.

7.      Answering Paragraph 7, EGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 47 U.S.C. § 227

8.      Answering Paragraph 8, EGC states that the allegations in Paragraph 8 contain legal conclusions that do not require a response. To the extent that Paragraph 8 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies each and every allegation of this paragraph.

9.      Answering Paragraph 9, EGC states that the allegations in Paragraph 9 contain legal conclusions that do not require a response. To the extent that Paragraph 9 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies each and every allegation of this paragraph.

10.     Answering Paragraph 10, EGC states that the allegations in Paragraph 10 contain legal conclusions that do not require a response. To the extent that Paragraph 10 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies each and every allegation of this paragraph.

11.     Answering Paragraph 11, EGC states that the allegations in Paragraph 11 contain legal conclusions that do not require a response. To the extent that Paragraph 11 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 3 -

1  allegations contained in Paragraph 11, and on that basis denies each and every allegation of this

2  paragraph.

3  **V.     FACTUAL ALLEGATIONS**

4  **A.     Factual Allegations Regarding Sperian Energy**

5      12.     Answering Paragraph 12, EGC is without sufficient knowledge or information to

6  form a belief as to the truth of the allegations contained therein, and on that basis denies each and

7  every allegation of this paragraph.

8      13.     Answering Paragraph 13, EGC is without sufficient knowledge or information to

9  form a belief as to the truth of the allegations contained therein, and on that basis denies each and

10  every allegation of this paragraph.

11      14.     Answering Paragraph 14, EGC is without sufficient knowledge or information to

12  form a belief as to the truth of the allegations contained therein, and on that basis denies each and

13  every allegation of this paragraph.

14      15.     Answering Paragraph 15, EGC is without sufficient knowledge or information to

15  form a belief as to the truth of the allegations contained therein, and on that basis denies each and

16  every allegation of this paragraph.

17      16.     Answering Paragraph 16, EGC admits that Sperian hired EGC. EGC denies all other

18  allegations contained in this paragraph.

19      17.     Answering Paragraph 17, EGC denies each and every allegation of this paragraph.

20      18.     Answering Paragraph 18, EGC denies each and every allegation of this paragraph.

21      19.     Answering Paragraph 19, EGC denies each and every allegation of this paragraph.

22      20.     Answering Paragraph 20, EGC denies each and every allegation of this paragraph.

23  **B.     Factual Allegations Regarding Plaintiff**

24      21.     Answering Paragraph 21, EGC is without sufficient knowledge or information to

25  form a belief as to the truth of the allegations contained therein, and on that basis denies each and

26  every allegation of this paragraph.

27  ///

28  ///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 4 -

4852-2456-9751

22. Answering Paragraph 22, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

23. Answering Paragraph 23, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

24. Answering Paragraph 24, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

25. Answering Paragraph 25, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

26. Answering Paragraph 26, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

27. Answering Paragraph 27, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

28. Answering Paragraph 28, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

29. Answering Paragraph 29, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

30. Answering Paragraph 30, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

31. Answering Paragraph 31, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

32. Answering Paragraph 32, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

33. Answering Paragraph 33, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

34. Answering Paragraph 34, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

35. Answering Paragraph 35, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

36. Answering Paragraph 36, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

37. Answering Paragraph 37, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

38. Answering Paragraph 38, EGC denies each and every allegation of this paragraph.

39. Answering Paragraph 39, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

40. Answering Paragraph 40, EGC denies each and every allegation of this paragraph.

///

///

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4852-2456-9751

**C.   Factual Allegations Regarding Additional Consumer and Regulatory Complaints**

41.   Answering Paragraph 41, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

42.   Answering Paragraph 42, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

43.   Answering Paragraph 43, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

44.   Answering Paragraph 44, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

**D.   Sperian's Liability for the Conduct of Energy Group Consultants**

45.   Answering Paragraph 45, EGC states that the allegations in Paragraph 45 contain legal conclusions that do not require a response.   To the extent that Paragraph 45 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis denies each and every allegation of this paragraph.

46.   Answering Paragraph 46, EGC states that the allegations in Paragraph 46 contain legal conclusions that do not require a response. To the extent that Paragraph 46 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis denies each and every allegation of this paragraph.

47.   Answering Paragraph 47, EGC states that the allegations in Paragraph 47 contain legal conclusions that do not require a response. To the extent that Paragraph 47 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 7 -

4852-2456-9751

1   allegations contained in Paragraph 47, and on that basis denies each and every allegation of this

2   paragraph.

3        48.     Answering Paragraph 48, EGC states that the allegations in Paragraph 48 contain

4   legal conclusions that do not require a response. To the extent that Paragraph 48 requires any

5   response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

6   allegations contained in Paragraph 48, and on that basis denies each and every allegation of this

7   paragraph

8        49.     Answering Paragraph 49, EGC states that the allegations in Paragraph 49 contain

9   legal conclusions that do not require a response. To the extent that Paragraph 49 requires any

10  response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

11  allegations contained in Paragraph 49, and on that basis denies each and every allegation of this

12  paragraph.

13       50.     Answering Paragraph 50, EGC states that the allegations in Paragraph 50 contain

14  legal conclusions that do not require a response. To the extent that Paragraph 50 requires any

15  response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

16  allegations contained in Paragraph 50, and on that basis denies each and every allegation of this

17  paragraph.

18       51.     Answering Paragraph 51, EGC states that the allegations in Paragraph 51 contain

19  legal conclusions that do not require a response. To the extent that Paragraph 51 requires any

20  response, EGC is without sufficient knowledge or information to form a belief as to the truth of the

21  allegations contained in Paragraph 51, and on that basis denies each and every allegation of this

22  paragraph.

23       52.     Answering Paragraph 52, EGC states that the allegations in Paragraph 52 contain

24  legal conclusions that do not require a response. To the extent that Paragraph 52 requires any

25  response, EGC denies each and every allegation of this paragraph.

26       53.     Answering Paragraph 53, EGC states that the allegations in Paragraph 53 contain

27  legal conclusions that do not require a response. To the extent that Paragraph 53 requires any

28  response, EGC denies each and every allegation of this paragraph.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4852-2456-9751

54.     Answering Paragraph 54, EGC states that the allegations in Paragraph 54 contain legal conclusions that do not require a response. To the extent that Paragraph 54 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis denies each and every allegation of this paragraph.

55.     Answering Paragraph 55, EGC states that the allegations in Paragraph 55 contain legal conclusions that do not require a response. To the extent that Paragraph 55 requires any response, EGC denies each and every allegation of this paragraph.

56.     Answering Paragraph 56, EGC states that the allegations in Paragraph 56 contain legal conclusions that do not require a response. To the extent that Paragraph 56 requires any response, EGC denies each and every allegation of this paragraph.

57.     Answering Paragraph 57, EGC states that the allegations in Paragraph 57 contain legal conclusions that do not require a response. To the extent that Paragraph 57 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis denies each and every allegation of this paragraph.

58.     Answering Paragraph 58, EGC states that EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58, and on that basis denies each and every allegation of this paragraph.

59.     Answering Paragraph 59, EGC states that the allegations in Paragraph 59 contain legal conclusions that do not require a response. To the extent that Paragraph 59 requires any response, EGC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59, and on that basis denies each and every allegation of this paragraph

60.     Answering Paragraph 60, EGC admits that it was not explicitly named in the first complaint. EGC denies all other allegations contained in this paragraph.

///

///

4852-2456-9751

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## VI.   CLASS ACTION ALLEGATIONS

61.     Answering Paragraph 61, EGC admits that Plaintiff purports to bring a class action on behalf of himself and all other persons similarly situated.  To the extent a further response is required, EGC denies that the proposed national classes (Class 1 – autodialer claims) or Class 2 – Do Not Call claims) are appropriate class definitions as to persons who could assert claims against ECG and denies that class certification is appropriate in this matter.  Furthermore, EGC denies that there would be personal jurisdiction in this court for the TCPA claims of non-Nevada class members. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1776, 198 L. Ed. 2d 395 (2017) ("*Bristol-Myers*") (no standing for out-of-state putative class members).

62.     Answering Paragraph 62, EGC states that the allegations in Paragraph 62 contain legal conclusions that do not require a response. To the extent that a further response is required, EGC denies the alleged numerosity of the proposed "Class 1" and "Class 2" and denies that class certification is appropriate in this matter.

63.     Answering Paragraph 63, EGC states that the allegations in Paragraph 63, and its subparts, contain legal conclusions that do not require a response. To the extent that a further response is required, EGC denies that the issues of law and fact identified by Plaintiff in this paragraph, and its subparts, would be common to all members of the putative classes.

64.     Answering Paragraph 64, EGC states that the allegations in Paragraph 64 contain legal conclusions that do not require a response. To the extent that a further response is required, EGC denies that Plaintiff's claims are typical of the claims of the other purported members of the proposed "Class 1" and "Class 2" and denies that class certification is appropriate in this matter.

65.     Answering Paragraph 65, EGC states that the allegations in Paragraph 65 contain legal conclusions that do not require a response. To the extent that a further response is required, EGC denies the allegation in this paragraph, denies that the "Class 1" and "Class 2" are appropriate class definitions, and denies that class certification is appropriate in this matter.

66.     Answering Paragraph 66, EGC states that the allegations in Paragraph 66 contain legal conclusions that do not require a response. To the extent that a further response is required,

4852-2456-9751

1   EGC denies the allegation in this paragraph that common questions of law or fact would

2   predominate.

3       67.     Answering Paragraph 67, EGC states that the allegations in Paragraph 67 contain

4   legal conclusions that do not require a response. To the extent that a further response is required,

5   EGC denies allegations of this paragraph that a class action would be superior here.

6       68.     Answering Paragraph 68, EGC states that the allegations in Paragraph 68, contain

7   legal conclusions that do not require a response. To the extent that a further response is required,

8   EGC denies that it has acted or refused to act on grounds applicable to the members of the putative

9   classes and denies the allegation that declaratory or injunctive relief would be appropriate.

10              **VII.    FIRST CLAIM FOR RELIEF**

11       **(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

12       69.     Answering Paragraph 69, EGC incorporates by reference its responses to paragraphs

13   1 through 68 as though fully set forth herein.

14       70.     Answering Paragraph 70, EGC denies each and every allegation of this paragraph.

15       71.     Answering Paragraph 71, EGC denies each and every allegation of this paragraph.

16       72.     Answering Paragraph 72, EGC denies each and every allegation of this paragraph.

17          **RESPONSE TO PRAYER FOR RELIEF**

18       EGC denies that Plaintiff is entitled to certification of the proposed Classes, appointment of

19   Plaintiff as representative of the Classes; appointment of Plaintiff's counsel as counsel for the

20   Classes; any actual, statutory, or exemplary damages; attorneys' fees and costs; declaratory or

21   injunctive relief; or any other form of relief against EGC as set forth in the Complaint's prayer for

22   relief.

23              **AFFIRMATIVE DEFENSES**

24       By setting forth these affirmative defenses, EGC does not assume the burden of proving

25   any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.

26   EGC reserves the right to assert additional defenses upon discovery of further information

27   regarding Plaintiff's claims and upon the development of other relevant information.

28   ///

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 11 -

4852-2456-9751

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no personal jurisdiction over EGC in this Court as to the claims asserted by non-Nevada putative class members. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

### THIRD AFFIRMATIVE DEFENSE

One or more members of the putative class lack standing to maintain the instant causes of action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff or one or more members of the putative class gave prior express consent to receive the telephone calls at issue in this case.

### FIFTH AFFIRMATIVE DEFENSE

All of the claims constitute an undue burden on speech and thus violate the First Amendment of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

All claims for class-wide relief contained in the Complaint are barred because class certification is inappropriate in this matter under Federal Rule of Civil Procedure 23.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because EGC's conduct is not unlawful in that EGC complies with applicable statutes and regulations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against EGC are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom EGC has no control with respect to the time, means, method, or manner by which they conduct business or personal affairs.

///

///

4852-2456-9751

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because EGC did not intend to call him without his prior consent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because EGC did not engage in willful and/or knowing misconduct.

### ELEVENTH AFFIRMATIVE DEFENSE

The statutory damages sought are excessive in violation of the Eighth Amendment of the United States Constitution and are in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

The acts and statements of EGC were fair and reasonable and were performed in good faith based on all the relevant facts known to EGC. EGC acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Thus, Plaintiff is not entitled to any damages whatsoever.

### THIRTEENTH AFFIRMATIVE DEFENSE

Under the TCPA, if there was a violation by EGC, which EGC denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by reason of his Complaint;

2.      That the Court deny certification of any class;

- 13 -

4852-2456-9751

1      3.      That the Court enter judgment in favor of EGC; and

2      4.      That the Court award such further relief as the Court deems just and proper.

3   **ENERGY GROUP CONSULTANTS, INC'S AND ENERGY GROUP CONSULTANTS,**

4   **LLC'S THIRD-PARTY COMPLAINT**

5      Third-Party Plaintiff Energy Group Consultants, Inc. ("EGC INC")" and Third-Party

6   Plaintiff Energy Group Consultants, LLC ("EGC LLC" and collectively hereinafter, "EGC") allege

7   the following against Third-Party Defendant G-Energy Enterprises, LLC ("G-Energy"):

8   **INTRODUCTION**

9      1.      EGC brings this Third-Party Complaint for breach of contract, indemnity, injunctive

10   relief, and declaratory relief against G-Energy, arising from an Independent Contractor Agreement

11   (the "Agreement") entered into by EGC LLC, a wholly owned subsidiary of EGC, and G-Energy

12   on or about October 1, 2018.

13      2.      G-Energy's obligations under the Agreement cover all costs and expenses, including

14   attorney's fees, incurred by EGC in the above-entitled lawsuit against EGC (the "Perrong Action").

15   **PARTIES, JURISDICTION, AND VENUE**

16      3.      EGC INC is a Kansas Corporation and EGC LLC is a Kansas limited liability

17   company, and they are in the business of direct sales marketing for residential and commercial

18   energy sales.

19      4.      G-Energy is now, and at all times relevant, a Delaware limited liability company.

20      5.      Subject matter jurisdiction exists with respect to the TCPA claims asserted in the

21   Perrong Action.  Supplemental jurisdiction is proper under 28 U.S.C. § 1367 because the Third-

22   Party Complaint is "so related to the claims in the action within such original jurisdiction that they

23   form part of the same case or controversy under Article III of the United States Constitution."

24      6.      Additionally, diversity jurisdiction exists over the claims by EGC against G-Energy.

25   As set forth in paragraphs 3 and 4, there is complete diversity of citizenship between EGC and G-

26   Energy.  In addition, the matter in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

27

28

- 14 -

4852-2456-9751

7.      Federal Rule of Civil Procedure ("FRCP") 14(a) provides that a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

8.      This Third-Party Complaint arises out of the transaction that is the subject matter of the Perrong Action, which triggers G-Energy's obligations to defend and indemnify EGC for conduct alleged by Andrew Perrong ("Plaintiff") pursuant to the Agreement.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff filed the Perrong action against EGC in this Court, and Plaintiff claims that a substantial part of the events or omissions giving rise to the Third-Party Complaint occurred here.

10.      Additionally, dismissal or transfer of the Third-Party Complaint would be unreasonable given the interrelated Perrong Action, this Court's supplemental jurisdiction over the matter, and the factors weighing in favor of this venue, including judicial efficiency and the avoidance of inconsistent rulings.

## GENERAL ALLEGATIONS

*The Agreement between EGC and G-Energy*

11.      On or about October 1, 2018, EGC and G-Energy entered into an Agreement for G-Energy to perform services and solicit orders for products, systems, and services as requested by EGC.

12.      In Section 1.1 of the Agreement, G-Energy agreed to perform the services under the Agreement "in accordance with all laws, rules, regulations and such legal and ethical standards as shall be applicable during the term of this Agreement."

13.      In Section 1.3(e), G-Energy agreed to render services under the Agreement in a "professional and business-like manner, treat customers and potential customers with courtesy and respect, and to use his/her best efforts to preserve the business and goodwill of [EGC] and [EGC's] clients.

14.      In Section 1.3(f), G-Energy agreed that "under no circumstances shall he or she utilize electronic mail or telemarketing tactics to in any way conduct sales pursuant to this Agreement."

- 15 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4852-2456-9751

15.     In Section 1.2(e), G-Energy agreed to indemnify EGC as follows:

[G-Energy] shall indemnify and hold the [EGC] harmless against any and all loss, damage, cost, expense or liability imposed or claimed, including attorney's fees and the legal expenses, arising directly or indirectly from any act or failure of [G-Energy].

16.     In Section 7, G-Energy further agreed to indemnify EGC as follows:

**Indemnification**.  [G-Energy] does hereby agree to defend, indemnify and hold harmless [EGC] and its affiliates, and their trustees, officers, employees, agents, contractors, and servants from any and all claims and liabilities of any type or nature whatsoever arising out of any act, omission or negligence by [G-Energy], its officers, employees, agents, contractors or servants which may no or hereafter arise out of our result from or in any way be related to the provision of Services pursuant to this Agreement.  [G-Energy] shall be liable for any penalty and interest charges assessed as a result of [G-Energy]'s negligence in connection with state and federal tax returns.  This Section shall survive termination of this Agreement.

*The Perrong Action*

17.     On or about January 21, 2019, Plaintiff filed the Perrong Action.

18.     On or about March 5, 2019, Plaintiff filed an Amended Complaint naming EGC as a Defendant.  EGC references the Perrong Action herein without admitting the truth of any of the allegations in the Perrong Action.

19.     In the Perrong Action, Plaintiff alleges that "[f]rom December 12, 2018 through December 27, 2018, Mr. Perrong's residential telephone number was called more than 25 times by [EGC] to offer Sperian services."

20.     Any calls to Mr. Perrong were made by G-Energy.

21.     When G-Energy allegedly called Plaintiff's telephone number it was not acting as EGC's agent.

22.     G-Energy had no actual or implied authority to call Mr. Perrong's number on EGC's behalf.

23.     If G-Energy allegedly called Plaintiff, that conduct was not ratified by EGC.

24.     If G-Energy allegedly called Plaintiff, EGC did not have knowledge or control of G-Energy's conduct.

- 16 -

4852-2456-9751

25.     Additionally, Defendant Sperian Energy Group Corp. ("Sperian") has filed Crossclaims and a Third-Party Complaint against Energy Group Consultants LLC and Energy Group Consultant Inc. (the "Sperian Action").   EGC references the Sperian Action herein without admitting the truth of any of the allegations in the Sperian Action.

26.     Sperian has brought claims against EGC for breach of contract, indemnity, and declaratory relief related to the Perrong Action.

27.     If a violation occurred from calls placed by G-Energy, G-Energy's indemnification obligations under the Agreement cover all costs and expenses, including attorney's fees, settlements, and judgments incurred by EGC related to Plaintiff's allegations, the Perrong Action, and the Sperian Action.

## FIRST CAUSE OF ACTION

### Breach of Contract

28.     The allegations contained in the preceding paragraphs are incorporated as if set forth herein.

29.     The Agreement is a valid contract that exists between G-Energy and EGC LLC.

30.     EGC LLC has fully performed its obligations under the Agreement.

31.     G-Energy's alleged errors, omissions, misconduct, acts, and/or negligence resulted in EGC being named as a defendant in the Perrong Action and the Sperian Action.

32.     Plaintiff alleges that G-Energy called Plaintiff's number despite being told by EGC not to do so.

33.     IG-Energy breached the Agreement by:

(1) allegedly calling Plaintiff's telephone number;

(2) allegedly violating the TCPA;

(3) failing to provide the books and records to EGC as required by the Agreement;

(4) failing to indemnify EGC as required by the Agreement;

34.     EGC has been damaged and continues to be damaged as a result of the Perrong Action, including with respect to legal costs and expenses incurred since the filing of the Perrong Action.

- 17 -

4852-2456-9751

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

35.   EGC has been further damaged in having to prepare this Third-Party Complaint to enforce G-Energy's obligations pursuant to the Agreement.

36.   EGC will continue to be damaged as it incurs further costs and expenses, including attorneys' fees during the Perrong and Sperian Actions.

37.   Pursuant to the Agreement, EGC is entitled to recover its costs and expenses, including attorney's fees, incurred in defending itself in the Perrong and Sperian Actions and enforcing G-Energy's contractual obligations as set forth herein.

## SECOND CAUSE OF ACTION

### Contractual Indemnity

38.   The allegations contained in the preceding paragraphs are incorporated as if set forth herein.

39.   Pursuant to the Agreement, G-Energy agreed to "defend, indemnify and hold harmless [EGC]."

40.   G-Energy's alleged breach of the Agreement and its errors, omissions, misconduct, acts, and/or negligence resulted in EGC being named as a defendant in the Perrong and Sperian Actions.

41.   EGC is not responsible for the damages alleged in the Perrong or Sperian Actions. If EGC is found responsible under the law for any of the allegations contained in the Perrong or Sperian Actions, then the conduct of G-Energy caused the actions alleged in the Perrong Action to happen.

42.   EGC has been damaged and continues to be damaged as a result of Plaintiff's claims, including with respect to legal costs and expenses incurred since the filing of the Perrong Action.

43.   EGC has been further damaged and continues to be damaged as a result of Sperian's claims with respect to legal costs and expenses incurred since the filing of the Sperian Action.

44.   EGC has been further damaged in having to prepare this Third-Party Complaint to enforce its rights under the Agreement.

45.   EGC will continue to be damaged as it incurs further costs and expenses, including attorney's fees, during the pendency of the Perrong and Sperian Action.

- 18 -

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4852-2456-9751

46.   G-Energy has an express duty and is obligated to defend, indemnify, and hold EGC harmless in an amount equal to EGC's costs and expenses, including attorney's fees, damages, future settlement, and liability in connection with the Perrong and Sperian Actions.

### THIRD CAUSE OF ACTION

#### Declaratory Relief

47.   The allegations contained in the preceding paragraphs are incorporated as if set forth herein.

48.   EGC has been damaged and continues to be damaged as a result of the claims of the Perrong and Sperian Actions, including with respect to legal costs and expenses incurred since the filing of the Perrong and Sperian Actions.

49.   EGC has further been damaged in having to prepare this Third-Party Complaint to enforce G-Energy's obligations under the Agreement.

50.   EGC will continue to be damaged as it incurs further costs and expenses, including attorney's fees, during the pendency of the Perrong and Sperian Action.

51.   There is a genuine and bona fide dispute and an actual controversy regarding whether G-Energy has a duty to indemnify EGC against the claims and damages asserted in the Perrong and Sperian Actions.

52.   EGC seeks declaratory relief pursuant to Nevada's Uniform Declaratory Judgments Act, Nev. Rev. Stat. § 30.010 *et seq.*

53.   G-Energy has an express duty and is obligated to defend, indemnify, and hold EGC harmless in an amount equal to EGC's costs and expenses, including attorney's fees and liability in connection with the Perrong and Sperian Actions.

54.   G-Energy has failed and refused to defend, indemnify, and hold EGC harmless.

55.   EGC seeks a declaratory judgment that G-Energy has a duty to defend, including paying EGC's costs and expenses, including attorney's fees in the Perrong and Sperian Actions from their inception.

55.   EGC seeks a declaratory judgment that G-Energy has a duty to indemnify EGC for any damages assessed to or liability incurred by EGC in the Perrong and Sperian Actions.

- 19 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## FOURTH CAUSE OF ACTION

### Injunctive Relief

56.     The allegations contained in the preceding paragraphs are incorporated as if set forth herein.

57.     Pursuant to the Agreement, "[a]ll papers, books and records of every kind and description relating to the business and affairs of [EGC], or any of its affiliates, whether or not prepared by [G-Energy] shall be the sole and exclusive property of [EGC] and [G-Energy] shall surrender them to [EGC] at any time upon request by the Company."

58.     EGC has requested that G-Energy provide it with all papers, books, and records related to the Perrong Action.

59.     G-Energy has refused to provide the books and records to EGC related to the Perrong Action.

60.     EGC seeks injunctive relief, restraining and enjoining G-Energy from transferring, concealing, destroying, defacing, or altering any of the books, records, printouts, or other writings relating to the Perrong Action.

61.     In addition, EGC seeks injunctive relief requiring G-Energy to turn over possession of any of the books, records, printouts, or other writing related in any way to the Perrong Action.

## PRAYER FOR RELIEF

WHEREFORE, EGC prays for the following relief against G-Energy:

1.     For compensatory damages, including EGC's costs, expenses, and attorney's fees, in connection with or arising out of the Perrong and Sperian Actions in an amount to be proven at trial;

2.     For total and complete indemnity for damages and liabilities assessed to EGC in the Perrong and Sperian Actions;

3.     For pre-judgment interest and post-judgment interest at the legal rate;

4.     For a declaratory judgment stating that:

a.     G-Energy has a duty to defend EGC in the Perrong and Sperian Actions, including paying costs, expenses, and attorney's fees;

- 20 -

4852-2456-9751

1          b.      G-Energy has a duty to indemnify EGC in the Perrong and Sperian Actions

2    for any damages assessed or liability incurred by Sperian in the Perrong Action;

3          5.      For injunctive relief prohibiting G-Energy from transferring, concealing, destroying,

4    defacing, or altering any of the books, records, printouts, or other writings relating to the Perrong

5    Action.

6          6.      For such other relief as is just and proper.

7    Dated:  May 28, 2019.                         SNELL & WILMER L.L.P.

8
                                                   By:    */s/ Blakeley E. Griffith*
9                                                         Blakeley E. Griffith (NV Bar No. 12386)
                                                          3883 Howard Hughes Parkway, Suite 1100
10                                                        Las Vegas, Nevada 89169
                                                          Telephone:  702.784.5200
11                                                        Facsimile:   702.784.5252
                                                          *Attorneys for Energy Group Consultants, Inc.*
12                                                        *and Energy Group Consultants, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

4852-2456-9751

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing **ENERGY GROUP CONSULTANTS, INC.'S RESPONSE TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RELIEF AND ENERGY GROUP CONSULTANTS, INC. AND ENERGY GROUP CONSULTANTS, LLC'S THIRD-PARTY COMPLAINT AGAINST G-ENERGY ENTERPRISES LLC** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 28th day of May 2019.


*/s/ Jeanne Forrest*
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 22 -

4852-2456-9751